UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| ANDREA WILSON, | ) | CIV. 05-4158-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER ON MOTION |
| | ) | FOR SET-OFF |
| O'GORMAN HIGH SCHOOL; | ) | |
| SHAWN BAUER; and | ) | |
| LANA BAUER, | ) | |
| | ) | |
| Defendants. | ) | |

Defendants move for a ruling that in the event Wilson receives a judgment against them, that judgment should be reduced by the amount Wilson has received and will receive from a catastrophic injury policy (policy). Defendants argue that the policy was purchased by O'Gorman and therefore defendants are entitled to set-off any judgment against them with the policy proceeds. Wilson argues that the insurance proceeds should not act to reduce any damages award because the proceeds are properly categorized as payments from a collateral source.

A tortfeasor is entitled to set-off his tort liability by any amount paid to an injured person on behalf of the tortfeasor. See Restatement (Second) Torts § 920A (1). This set-off in not applicable, however, when the collateral source rule applies. The South Dakota Supreme Court first recognized the collateral

source rule in <u>Moore v. Kluthe & Lane Insurance Agency, Inc.</u>, 234 N.W.2d 260 (S.D. 1975). As stated in <u>Moore</u>, that rule holds:

> Total or partial compensation received by an injured party from a collateral source, wholly independent of the wrongdoer, does not operate to reduce the damages recoverable from the wrongdoer.

<u>Moore</u>, 234 N.W.2d at 269 (quoting <u>Swift & Co. v. Gutierez</u>, 277 P.2d 559 (1954)).

Wilson does not dispute that O'Gorman obtained, through the South Dakota High School Athletics Association, catastrophic injury coverage for its student athletes. Wilson disputes, however, that O'Gorman "purchased" or "paid for" the policy. Docket 60 at 4. Wilson argues that the cost of the policy was passed on to its students and particularly its student athletes, and therefore Wilson in effect was the purchaser of the policy. Accordingly, Wilson argues that the policy is wholly independent of O'Gorman and its proceeds should be excluded under the collateral source rule.

In support of her argument that she purchased the policy, Wilson notes that she paid $1,437.50 for each semester of class at O'Gorman and further paid a $100 fee to participate in gymnastics. Although Wilson paid fees to attend O'Gorman and participate in gymnastics, it does not necessarily follow that she should be credited with purchasing the policy. Under Wilson's logic, O'Gorman could never purchase insurance in its own right, because as a private institution that insurance could always be traced to the students'

tuition. Wilson provides no authority for this proposition, and the court does not find it to be an accurate statement of the law in South Dakota.

Further, the court does not find that the $100 gymnastics participation fee paid by Wilson requires this court to find she paid for the policy. Defendants assert the fee was meant to offset expenses unique to gymnastics, such as rental of the All American facility. Defendants assert that the only other sport that requires a student participation fee is soccer. Defendants also assert that this fee is imposed because the sports are relatively new, but that the fee is not used to purchase the catastrophic insurance coverage. The undisputed fact that all student athletes at O'Gorman were covered by the catastrophic injury policy, regardless of whether they participated in a sport that had a separate participation fee, supports defendants' assertion that the participation fee did not simply act as a conduit for the purchase of the policy. In any event, the policy was not obtained "wholly independent" of the alleged tortfeasor O'Gorman.

O'Gorman made the decision to obtain insurance for its student athletes through the SDHAA. Under the facts of this case, the court finds that the policy was not obtained "wholly independent" of the alleged wrongdoer, and therefore the court finds the collateral source doctrine inapplicable. Accordingly, the court finds that in the event a judgment is returned against defendants, defendants will be entitled to set-off that judgment to the extent

that Wilson has received proceeds from the policy. See Restatement (Second) Torts § 920A cmt. a. Although the court finds that a set-off is appropriate if defendants are found liable, the court will determine the appropriate amount of that set-off subsequent to any determination of defendants' liability. Accordingly, it is hereby

ORDERED that defendants' motion for set-off is granted in part and denied in part as set forth in this order.

IT IS FURTHER ORDERED that All American Gymnastic's motion for joinder (Docket 45) is denied as moot.

Dated June 26, 2008.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE