UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| ANDREA WILSON, | ) | CIV.  05-4158-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER REGARDING |
| | ) | EXPERT WITNESSES |
| O'GORMAN HIGH SCHOOL; | ) | |
| SHAWN BAUER; and | ) | |
| LANA BAUER, | ) | |
| | ) | |
| Defendants. | ) | |

**I.      Testimony of Rick Ostrander**

Defendants move to exclude the testimony of plaintiff's expert witness Rick Ostrander pursuant to Rule 702 and Daubert.  Ostrander was retained to give expert testimony regarding the effects of Wilson's injury on her vocational capability and earning capability.  In his expert report, Ostrander analyzed Wilson's ability to work in a variety of medical fields.

Defendants argue that Ostrander's testimony does not meet the standards of relevancy and reliability under Rule 702 and Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 589, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993).  Federal Rule of Evidence 702 states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise . . .

Proposed expert testimony must meet three prerequisites to be admitted under Rule 702. Lauzon v. Senco Products, Inc., 270 F.3d 681, 686 (8th Cir. 2001).

> First, evidence based on scientific, technical, or other specialized knowledge must be useful to the finder of fact in deciding the ultimate issue of fact. This is the basic rule of relevancy. Second, the proposed witness must be qualified to assist the finder of fact. Third, the proposed evidence must be reliable or trustworthy in an evidentiary sense, so that, if the finder of fact accepts it as true, it provides the assistance the finder of fact requires.

Id. (Internal citations omitted).

This court has broad discretion in determining both the reliability and relevance of proffered evidence. United States v. Vesey, 338 F.3d 913, 916 (8th Cir. 2003). Nonetheless, the proponent of expert testimony must prove its admissibility by a preponderance of the evidence. Daubert, 509 U.S. at 592, n.10.

Defendants first argue that Ostrander's opinion is unreliable because it is based upon the assumption that Wilson will attend medical school, an assumption defendants assert is pure speculation. It is clear from the record that Wilson has indicated an intent to pursue a medical degree. Further, defendants' expert witness agrees that Wilson is academically capable of attending medical school and pursuing the medical specialty of her choice. See Docket 55, Ex. A. Defendants are correct in asserting that Wilson's future plans, like all future plans, are in some ways speculative. Nonetheless, Wilson

is entitled to put on evidence with respect to the magnitude of her damages. Under the circumstances of this case, the court finds that Wilson is able to put on evidence of the effects of her injury on her earning capability if she attends medical school. Defendants' objections go to the weight to be given to the evidence by the jury and not its admissibility. The jury will ultimately be required to determine whether it finds her assertion that she will attend medical school is sufficiently credible and certain that it can award damages on that basis. See S.D. Pattern Jury Instruction 30-01 ("Whether . . . damages have been proved by the evidence is for you to determine. Your verdict must be based on evidence and not upon speculation, guesswork, or conjecture.").

Defendants further argue that Ostrander's proposed testimony regarding Wilson's limitations with respect to different medical specialities is speculative because Wilson herself has stated that she is unsure of which specialty she will ultimately choose. Similar to evidence of Wilson's intent to attend medical school, the court finds evidence regarding the earning levels of different medical specialties is relevant if the jury makes a determination of liability in Wilson's favor. The finder of fact will ultimately be required to determine whether the damages testified to are sufficiently certain to allow a damages award. Again, defendants' objections go to the weight to be given to the evidence by the jury and not its admissibility. Accordingly, the court finds

Ostrander's proposed testimony is sufficiently reliable that, if believed, will be of assistance to the trier of fact.

Finally, defendants argue that Ostrander should not be allowed to testify regarding Wilson's limitations in the medical field because he lacks the necessary medical experience to provide an authoritative opinion. Wilson asserts that Ostrander, through his career as a vocational counselor, has significant experience working with physicians who have sustained injuries.

After reviewing the affidavit filed by Ostrander and his expert witness report, the court finds Ostrander is qualified through his experience as a vocational expert to assist the trier of fact in determining Wilson's potential loss of vocational and earning capacity as the result of her injury. See Docket 56; Docket 37, Ex. B. To the extent defendants dispute Ostrander's analysis regarding the effects of Wilson's injury on her ability to perform certain medical specialities, defendants will be able to cross-examine him at trial and introduce evidence from their own expert to contest his assertions.

In sum, the court finds that the proposed testimony is sufficient to meet the standard set forth in Rule 702 and under Lauzon. Accordingly, defendants' motion to exclude Ostrander's testimony is denied.

**II.     Testimony of Dr. Terry Winkler**

Defendants move to strike the supplemental expert witness report of plaintiff's expert Dr. Terry Winkler. Dr. Winkler was initially disclosed as an

4

expert witness on August 4, 2006, and his report indicated that he would testify regarding a life care plan for Wilson. In Wilson's supplemental filing in December of 2007, Wilson indicated that Dr. Winkler would also testify with regard to Wilson's vocational limitations.

Defendants argue that the supplemental report is an untimely attempt by Wilson to offer opinions similar to those of Ostrander. Defendants argue that the untimely nature of the supplement is especially prejudicial because the parties have already filed summary judgment motions. Wilson argues that the motion is timely, citing the scheduling order of this court which allows any expert witness supplementations twenty days prior to trial.

It is within the discretion of the trial court to determine whether Dr. Winkler's supplemental opinions are admissible. Crump v. Versa Products, Inc., 400 F.3d 1104, 1110 (8th Cir. 2005). Even if the expert opinion was not disclosed in a timely manner, it may still be admitted if the opposing party fails to show prejudice. Id.

Dr. Winkler was timely disclosed as an expert witness, but now seeks to testify in additional areas of his expertise. Pursuant to this court's order, he is allowed to supplement his report provided it is at least twenty days before trial. Because a trial date was not set when he filed the supplement, Wilson was not untimely when she sought to supplement Dr. Winkler's report.

Even if the expert report is untimely, the court finds that defendants are not prejudiced by the untimely disclosure. Dr. Winkler's additional testimony addresses Wilson's claim for damages, an issue that was not relevant to the parties' summary judgment motions. Further, the testimony is consistent with previously disclosed expert testimony, so it should not act as a surprise to defendants. To the extent defendants are prejudiced by the late disclosure because they did not have the opportunity to depose Dr. Winkler with regard to his supplemental opinions, the court finds that this prejudice can be cured by allowing defendants to re-depose Dr. Winkler. It is unlikely that a second deposition will be overly burdensome in that the newly disclosed expert testimony is not extensive. Accordingly, defendants' motion to strike Dr. Winkler's supplemental report is denied.

Based on the foregoing, it is hereby

ORDERED that defendants' motion to exclude the testimony of Rick Ostrander (Docket 35) is denied

IT IS FURTHER ORDERED that defendants' motion to strike the supplemental report of Dr. Winkler (Docket 71) is denied.

Dated June 26, 2008.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE